

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben Davis Geeslin
County Attorney
Mason County
Mason, Texas

Dear Sir:

Opinion No. 0-3431
Re: Collection of fine
and costs in Justice
Court.

Your request for opinion has been received and
carefully considered by this department. We quote from
your request as follows:

"Will you give me your opinion on the
following problem:

"Upon a misdemeanor charge two men are
placed in jail at night. The next morning they
plead guilty and are released. The total fines
and costs to be paid by both amount to $28.00.
They bring in $18.00 which is of course $10.00
less than the amount of the fine. Now the Just-
ice of the Peace accepts the $18.00 as payment
in full of their fines saying that the remainder
of the fines have been taken care of by the fact
that they have stayed in jail two days.

"The problem which confronts me is one of
the fees that are due. The Justice of the Peace
says that I should get $2.50 out of each person
(to be paid out of the $18.00) from him and $2.50
for each person from the Commissioners Court
which would give me a total of $5.00 per each
person which I understand is the fee which I would
be entitled to in case the full fine and costs
were paid.

"I don't want to be in the position of re-
bating any of my fee to the defendants but I also
do not want to be in the position of turning a
bill into the Commissioners Court for something

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to which I am not entitled. Will you please
write me and let me know just what course
should be followed. If the above explanation
is not full enough please let me know and I
will attempt to explain further."

Article 1055, Vernon's Annotated Code of Criminal
Procedure, reads as follows:

"The county shall not be liable to the
officer and witness having costs in a misde-
meanor case where defendant pays his fine and
costs. The county shall be liable for one-
half of the fees of the officers of the Court,
when the defendant fails to pay his fine and
lays his fine out in the county jail or dis-
charges the same by means of working such fine
out on the county roads or on any county project.
And to pay such half costs, the County Clerk
shall issue his warrant on the County Treasurer
in favor of such officer to be paid out of the
Road and Bridge Fund or other funds not other-
wise appropriated."

Article 920, Vernon's Annotated Code of Criminal
Procedure, applicable to Justice Courts, reads as follows:

"A defendant placed in jail on account of
failure to pay the fine and costs can be dis-
charged on habeas corpus by showing:

"1. That he is too poor to pay the fine
and costs, and

"2. That he has remained in jail a suf-
ficient length of time to satify the fine and
costs, at the rate of three dollars for each
day.

"But the defendant shall, in no case under
this article, be discharged until he has been
imprisoned at least ten days; and a justice of
the peace may discharge the defendant upon his
showing the same cause, by application to such
justice; and when such application is granted,
the justice shall note the same on his docket."

Under the facts stated in your letter the jail service of the defendants was <u>prior to their conviction</u> and <u>not after their conviction</u>. It is our opinion that no credit could legally be allowed for jail service <u>prior to conviction</u>.

It is our further opinion that the Justice had no authority to give the defendants credit for said jail service and that the defendants still owe the balance of their fine and costs, and same is now collectible as in other cases.

It is our further opinion that the county is not now liable for any costs in the case to any officer under the facts stated.

For your information we are enclosing herewith copies of opinions Nos. 0-1048 and 0-1792 of this department which deal with collection of fines and costs in Justice Courts.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____

Wm. J. Fanning
Assistant

APPROVED APR 28, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:lh

2 enc.


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN